UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYTAURUS EMON ARMSTRONG,

    Petitioner,

v.                                               Case No. 3:21-cv-294-TJC-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I.   Status

Petitioner, an inmate of the Florida penal system, initiated this action through counsel by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). Petitioner is proceeding on an Amended Petition (Doc. 3), in which he challenges a 2014 state court (Duval County, Florida) judgment of conviction for possession of a firearm by a convicted felon. Petitioner is serving an 18-year term of incarceration as a habitual felony offender (HFO). Respondents filed a Response (Doc. 6; Response) with exhibits (Docs. 6-1 to 6-13; Ex.). Petitioner filed a counseled Reply (Doc. 11). This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318

## II.    Standard Under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). When the state court's adjudication on the merits is unaccompanied by an explanation,

---

(11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not

3

> mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

### III. Analysis

Petitioner raises one ground in the Amended Petition: "The sentencing judge violated Armstrong's Sixth Amendment right to have a jury determine any fact that increased the statutory maximum in his case." Doc. 3 at 6 (some capitalization and emphasis omitted). Petitioner contends that the sentencing judge designated him as an HFO pursuant to Florida Statutes § 775.084, which requires the sentencing court to find "dangerousness as a predicate requirement to habitualization." Doc. 3-1 at 1. According to Petitioner, because the question of whether an enhanced sentence was necessary for the protection of the public was not determined by a jury, his HFO sentence violates the Sixth Amendment as interpreted by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. See generally Reply.

4

Respondents contend that the state court's adjudication of this claim is entitled to deference under AEDPA. <u>See generally</u> Response. Respondents argue that "Florida's HFO designation is based entirely on the existence of prior convictions." <u>Id.</u> at 12. And although the state sentencing judge made a "public protection" finding, such finding was not required under the HFO statute and "no impermissible judicial fact-finding took place." <u>Id.</u> at 13. Respondents explain:

> Imposition of the HFO penalty under § 775.084(3), requires a two-part inquiry. First, the court must determine if a defendant has the requisite convictions to be classified an HFO, meaning if "[t]he defendant has previously been convicted of any combination of two or more felonies." § 775.084(1), Fla. Stat. (2012). If the defendant qualifies for an HFO sentence, then the court must consider the second inquiry, whether the court should use its discretion in sentencing the defendant to the enhanced penalty. § 775.084(3), Fla. Stat. (2012). The state court can impose a non-HFO sentence only if the court makes a finding with written reasons that the defendant does not pose a danger to the public.

Response at 14-15 (citations omitted).

Petitioner's sentencing was bifurcated into two hearings in compliance with Florida's HFO statute. <u>See</u> Exs. B, C. During the first hearing, the sentencing judge reviewed Petitioner's prior convictions and determined that "the state has demonstrated a predicate for habitual felony offender status" based on Petitioner's prior convictions. <u>See</u> Ex. B at 27. After hearing argument

5

from counsel and from Petitioner at the second hearing, the trial court classified Petitioner as an HFO, explaining, in part, as follows:

> This crime, itself, is even more scary than your record of seven or eight prior felony convictions. You brought it on yourself, and you represented yourself well and your attorney has represented you well, but that doesn't change the fact of how serious this case is.
>
> Therefore, at this time your having been found guilty by the jury I will adjudicate you guilty. Now, in my discretion I may have already decided this back during your last hearing. But today, if I were to reconsider I would still make the decision. **I do find you are danger to the community, and it is necessary for the protection of the public that you be classified as a habitual felony offender, and I do so classify you.**

Ex. C at 36-37 (emphasis added).

Petitioner, through counsel, challenged the sentencing judge's imposition of his HFO sentence in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). See Ex. J at 1-4. The state filed a response. See id. at 148-52. The state court denied the claim:

> In the instant Motion, Defendant asserts that he was sentenced in error because the trial judge, and not a jury, made the finding that the Defendant's sentence as a Habitual Felony Offender was necessary for the protection of the public under § 775.084. Defendant cites to the case of Brown v. State, 260 So. 3d 147 (Fla. 2008)[,] for the proposition that a jury finding was required for Defendant's Habitual Felony Offender sentence to be imposed. However, this Court agrees with the reasoning and assertion in the State's Response after a thorough and comprehensive legal

6

> analysis that "[A]s the Defendant was not sentenced above a 'statutory maximum' in the instant case, but was merely found to meet the recidivist requirements outlined by the Habitual Felony Offender statute, no upward departure occurred and, thus, no findings by a jury were required."

Id. at 155.

Petitioner, through counsel, filed an appeal and an initial brief. Ex. K. The state filed a notice that it would not file an answer brief. Ex. L. The First District Court of Appeal affirmed the denial of Petitioner's Rule 3.800(a) motion and entered the following written opinion:

> Appellant appeals the summary denial of his postconviction motion brought under Florida Rule of Criminal Procedure 3.800(a). We affirm.
>
> Armstrong was convicted of possession of a firearm by a felon during a trial in which he stipulated that he had a prior felony conviction. The trial court sentenced him to eighteen years imprisonment as a habitual felony offender. We affirmed the judgment and sentence on direct appeal, with the mandate issuing on August 21, 2015. Armstrong v. State, 171 So. 3d 702 (Fla. 1st DCA 2015).
>
> In March 2019, Armstrong filed the instant motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. He argued that his eighteen-year habitual felony sentence was illegal because it exceeded the statutory maximum of fifteen years for a second-degree felony. Armstrong asserted that the trial court's decision to "depart from the statutory maximum" was made as the result of a "dangerousness finding required as a condition predicate to habitualization . . . ." Appellant cited to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and

7

> Brown v. State, 260 So. 3d 147 (Fla. 2018), and concluded that such a factual finding must be made by a jury.
>
> In January 2020, the lower court summarily denied Appellant's motion. The lower court agreed with the State's response that Brown was distinguishable from the present case because Brown concerned the application of section 775.082(10), Florida Statutes (2015), which required a factual finding that the defendant presented a "danger to the public." The present case concerned section 775.084, Florida Statutes (2012). The lower court sentenced Armstrong based on the recidivist requirements of the statute which did not require a jury finding.
>
> The trial court here was correct. The lower court was authorized to impose the enhanced punishment of up to thirty years imprisonment, twice the statutory maximum, because of Armstrong's prior felony convictions—not because of any judicial fact-finding. See § 775.084(1)(a), (4)(a)2, Fla. Stat. (2012). Recidivist-sentencing enhancement based on prior felony convictions do not require findings of fact. See Hunter v. State, 174 So. 3d 1011, 1016-17 (Fla. 1st DCA 2015) (holding that state was not required to prove enhancement factors to jury prior to trial court's imposition of habitual violent felony offender enhancement); see McBride v. State, 884 So. 2d 476 (Fla. 4th DCA 2004) (holding that a jury did not need to determine whether defendant had the requisite predicate convictions for habitual felony sentence). Thus, Armstrong's sentence does not violate the Sixth Amendment's right to trial by jury, as the trial court correctly ruled.

Ex. M.

The Court addresses this claim in accordance with the deferential standard for federal court review of state court adjudications. Under Apprendi,

8

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Florida's HFO designation is based entirely on a defendant's prior felony convictions. See Fla. Stat. § 775.084(1)(a). Once the court determines the existence of a defendant's prior qualifying convictions and finds the defendant to be an HFO,

> the court must sentence the defendant as a habitual felony offender or a habitual violent felony offender, subject to imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public. If the court finds that it is not necessary for the protection of the public to sentence the defendant as a habitual felony offender or a habitual violent felony offender, the court shall provide written reasons; a written transcript of orally stated reasons is permissible, if filed by the court within 7 days after the date of sentencing.

Fla. Stat. § 775.084(3)(a)(6) (2012). Thus, the sentencing court can impose an HFO sentence if it finds that the defendant has prior qualifying felony convictions. If the court determines it to be unnecessary for the protection of the public to sentence the defendant as an HFO, the court must provide written reasons explaining its decision.

Here, the sentencing judge's finding that he was classifying Petitioner as an HFO for the protection of the public was unnecessary and not required by the statute. However, imposition of an HFO sentence was proper under the

9

statute in light of Petitioner's prior convictions—convictions which the sentencing judge extensively reviewed and specifically found qualified Petitioner for an HFO sentence. See Dinkens v. State, 976 So. 2d 660, 662 (Fla. 1st DCA 2008) ("[T]he habitual felony offender statute is based solely on prior convictions and therefore does not require a jury determination pursuant to Apprendi."). Apprendi does not apply to increases in a sentence due to recidivism. See Apprendi, 530 U.S. at 488-90 (recognizing recidivism as a traditional basis for a sentencing court's increase in an offender's sentence); see also Almendarez-Torres v. United States, 523 U.S. 224, 243-47 (1998) (holding that a defendant's prior conviction is merely a "sentencing factor" that does not have to be submitted to the jury and proved beyond a reasonable doubt). And Florida courts have repeatedly rejected the argument that an HFO sentence must be made by a jury. See Lyons v. State, 292 So. 3d 906 (Fla. 1st DCA 2020) (citing cases). Upon thorough review of the record, the Court finds that the state court's adjudication of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts given the evidence presented in the state court proceedings. As such, Ground One is denied.

Accordingly, it is

**ORDERED**:

1. The Amended Petition (Doc. 3) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[2]

3. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of February, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 1/31
c:
Raytaurus Emon Armstrong, #130068
Counsel of Record

---

[2] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.